IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

| | | |
|---|---|---|
| MICHAEL WAYNE BOHANNAN, | § § | |
| Petitioner, | § § | |
| v. | § § | 2:14-CV-0235 |
| WILLIAM STEPHENS, Director, Texas Department of Criminal Justice, Correctional Institutions Division, | § § § § | |
| Respondent. | § § | |

## ORDER OVERRULING OBJECTIONS, ADOPTING REPORT AND RECOMMENDATION, DENYING MOTION FOR LEAVE TO PROCEED *IN FORMA PAUPERIS*, and DISMISSING PETITION FOR WRIT OF HABEAS CORPUS

On November 13, 2014, petitioner submitted a federal habeas corpus petition but did not submit the $5.00 filing fee. Instead, petitioner submitted a Motion to Proceed *In Forma Pauperis* (IFP) requesting to proceed without payment of the fee. In his motion, petitioner stated he had attached to his motion "am [sic] Application and a [sic] Inmate Trust Accounty [sic] history."

In his attached IFP application, petitioner averred "[t]he only source of income I have received in the past 12 months is gifts from family averaging about $190.00 per month." Petitioner also stated he had less than $1.00 in his prison account. The certified *in forma pauperis* data sheet from the institution in which petitioner is being held reflected a balance of $0.78 as of November 13, 2014. The data sheet also reflected, however, receipt of deposits totaling $1,100.00 during the 6-month period prior to petitioner's submission of the habeas petition, $500.00 of which was

deposited during September and October 2014, the two (2) months prior to the November 13, 2014 submission of his petition. The average deposit for the six months prior to the filing of petitioner's habeas application, was $183.33, an amount in line with petitioner's representation that he had received "gifts from family averaging about $190.00 per month."

On November 19, 2014, the United States Magistrate Judge entered a Report and Recommendation finding petitioner did not qualify for a grant of pauper's status because he had possessed, or has had access to, the funds needed to pay the $5.00 filing fee in the instant cause and should have included such payment with the habeas application or subsequent to submission of the application. The basis for this finding was petitioner's receipt of $1,100.00 during the 6-month period prior to attempting to initiate this proceeding, $500.00 of which was deposited during September and October 2014. During October 2014, petitioner had a high balance of $642.78 in his account, yet by November 13, 2014, the date he submitted his habeas application, petitioner had reduced his balance to $0.78. The Magistrate Judge recommended petitioner's application be dismissed for failure to pay the requisite fee.

Petitioner did not file any objection to the Report and Recommendation. Instead, he filed "notice" claiming an inability to respond to the Report and Recommendation. Among other things, petitioner appears to argue he does not have access to and is unaware of the contents of the IFP data sheet. Petitioner contends his account has not risen above $.78 since the filing of his habeas application on November 13, 2014. Petitioner also asserts the procedure for authorizing the institution to distribute funds to the Court is "lengthy" and that such process cannot be initiated unless the requisite funds are in the account. Petitioner also appears to argue that because he was granted *in forma pauperis* status on appeal in a civil rights case brought in the Northern District in

2011 and currently on appeal in the 5th Circuit, as well as being granted *in forma pauperis* status in two state cases, that he should be granted *in forma pauperis* status in this case.

Petitioner's pleading, filed December 1, 2014, is hereby construed as objections to the Magistrate Judge's Report and Recommendation. The failure of prison officials to provide petitioner with a copy of his data sheet is not determinative of his qualifications for *in forma pauperis* status, nor did such failure restrict petitioner's ability to timely object to the findings of the Magistrate Judge in his Report and Recommendation. The Magistrate Judge set out in detail the basis for his findings in the Report and Recommendation and detailed the information provided in petitioner's *in forma pauperis* data sheet. *See Report and Recommendation to Dismiss Petition for a Writ of Habeas Corpus by a Person in State Custody for Failure to Pay Filing Fee*, filed November 19, 2014 (setting out, in the Report and Recommendation, the fact that the data sheet reflected deposits of $1,100.00 in the 6-month period prior to the habeas case being filed). Petitioner has acknowledged the average six month balance of his inmate trust account was greater than Fifty Dollars ($50.00) and has not disputed the other factual information in the Report and Recommendation. Since the average balance of petitioner's inmate trust account for the six months prior to the filing of petitioner's habeas application was $183.33, the Magistrate Judge did not have authority to grant petitioner leave to proceed *in forma pauperis*. *See Order for the Adoption of Rules for the Exercise of Powers and Performance of Duties by United States Magistrate Judges*, Amended Miscellaneous Order No. 6 (May 5, 2005).

After independent examination of the record in this case and consideration of the objections by petitioner to the Report and Recommendation, the undersigned United States District Judge hereby OVERRULES the objections filed by petitioner, ADOPTS the Magistrate Judge's Report and

Recommendation, and DENIES petitioner permission to proceed *in forma pauperis*. Since petitioner BOHANNAN is not eligible to proceed *in forma pauperis*, the court DISMISSES petitioner's federal habeas corpus application without prejudice to re-filing with payment of the applicable filing fee.

    IT IS SO ORDERED.

    ENTERED this 16th day of January 2015.

                                          MARY LOU ROBINSON
                                          UNITED STATES DISTRICT JUDGE